**COBRA OIL AND GAS CORPORATION, Appellant,**

v.

**Robert ARMSTRONG, Commissioner of the General Land Office of the State of Texas, et al., Appellees.**

**No. 12183.**

Court of Civil Appeals of Texas, Austin.

March 19, 1975.

Rehearing Denied April 9, 1975.

John W. Stayton, Stayton, Maloney, Hearne, Babb & Cowden, Austin, for appellant.

John L. Hill, Atty. Gen., J. Milton Richardson, Asst. Atty. Gen., Austin, W. Scott Clark, Fort Worth, for appellees.

O'QUINN, Justice.

Cobra Oil and Gas Corporation brought this lawsuit in district court of Travis County in July of 1969, seeking declaratory judgment that Cobra was entitled to make certain payments to the State on mineral awards upon ten tracts of land comprising approximately 5,524 acres in Culberson, Pecos, and Reeves Counties and to proceed with development work on the tracts. Cobra named as defendants the Commissioner of the General Land Office and numerous persons and entities having some character of surface rights in the lands involved.

Cobra had applied early in 1967 to the Commissioner of the General Land Office, pursuant to Article 5388 et seq., Vernon's Ann.Civ.St., for mineral awards on the tracts, and in June and July of 1967 the Commissioner issued the mineral awards.

Cobra tendered its first payment of $2,762.37 on November 28, 1967, about four months after the last of the mineral awards were issued to the company. The cashier's check tendered was returned to Cobra the same day with a letter in which the Land Commissioner stated that "this payment was not timely tendered."

Under provisions of Article 5395, "The owner of each claim shall pay fifty (50) cents per acre annually *in advance after the award and during the month of each succeeding January* of each year thereafter

. . . " (Emphasis added) Cobra interpreted this language as requiring the holder of the claim to make the first payment during the month of January next following the months in which the awards were issued. The Land Commissioner construed the language of Article 5397, requiring the owner of a mineral award "to make the *payment of any sum within thirty days after it becomes due*," as requiring Cobra to make its first payment within thirty days after the awards were issued in June and July of 1967. (Emphasis added)

The Land Commissioner filed a motion for summary judgment on January 15, 1970. In a judgment signed and filed on February 7, 1974, the trial court awarded judgment to the Commissioner and the other defendants and decreed that Cobra take nothing by its suit. Appeal is from that judgment.

Prior to filing this suit in 1969, Cobra, with leave of the Court, filed its petition in the Supreme Court of Texas on March 20, 1968, for writ of mandamus asking that the Land Commissioner be ordered to accept tender of the payment which the Commissioner had refused to accept as not being timely.

The Supreme Court denied the petition, with written opinion, on July 24, 1968, denied rehearing on May 14, 1969, again with written opinion, and denied a second motion on July 2, 1969. Cobra Oil & Gas Corporation v. Sadler, 447 S.W.2d 887 (Tex.Sup.1968).

Cobra contends that the judgment entered in the mandamus proceeding is not *res judicata* of the cause of action presented in this appeal because the proceeding in the Supreme Court was not upon the merits as that term is used in decisions which apply the principle of *res judicata*. Further, because there was no issue in the mandamus proceeding upon which a majority of the Court united in decision, Cobra contends the mandamus proceeding is not *stare decisis*.

The appeal now being considered is from a trial on the merits, before a tribunal having authority to evaluate the facts before rendering its judgment, and in a proceeding in which a full legal opportunity was given all parties to make such contest as they deemed proper.

The facts in the record on appeal are not changed from the facts which were before the Supreme Court in the mandamus proceeding, and will not be repeated here. The facts, as stated by the Supreme Court, are found at 447 S.W.2d 889–890.

Cobra concedes that the affidavits of Brown, then counsel for Cobra, and of Sadler, then the Commissioner, "are entirely consistent and raise no fact issue."

The position of Cobra is stated in this language:

"Considered together they [the affidavits of Brown and Sadler] reflect, without dispute, that prior to November 28, 1967, when plaintiff [Cobra] tendered the past due rentals, defendant [the Commissioner] had *determined* to forfeit, and may have *orally stated* that he had determined to forfeit, all mineral awards upon which rentals were delinquent; but that insofar as plaintiff's mineral awards are concerned such forfeiture *was not then a matter of record.* (Emphasis by Cobra)

\*    \*    \*    \*    \*    \*

"It is perfectly clear from the two affidavits (the testimony of the two witnesses) that defendant had determined to forfeit all mineral awards upon which rental payments were past due; that defendant may have *orally* stated that he was going to forfeit such awards; that when Brown visited the General Land Office Day [an employee] was engaged in gathering the files so that a *recorded* declaration of forfeiture could be entered; but at that time no recorded declaration of forfeiture had

been entered with respect to plaintiff's mineral awards." (Emphasis by Cobra)

The Supreme Court in the mandamus proceeding, in the majority opinion by Justice Pope, construed Article 5395 "to require the first payment of rentals in advance after the award but within the thirty days required by Article 5397 and thereafter a like rental 'during the month of each succeeding January.'" We are of the opinion that Article 5395 plainly calls for a first payment after the award and annual payments thereafter in January, and that Article 5397 gives but thirty days after the award in which the first payment may be timely made. Cobra appears to concede that this construction of the statutes is sound and that when the first payment was tendered by Cobra on November 28, 1967, it was at a time "when plaintiff tendered the past due rentals."

But Cobra insists that since the past due rentals were tendered "prior to the time of any recorded act of forfeiture" by the Commissioner, "the tender was timely made and defendant had no power to forfeit or rescind the awards." Cobra argues, additionally, that if the trial court found that there was a recorded act of forfeiture by the Commissioner prior to the tender, there was no evidence to support the finding or, alternatively, the finding was against the great weight and preponderance of the evidence.

We have concluded that the statement of the law with respect to these contentions, as found in the Supreme Court's majority opinion in the mandamus proceeding, is correct, and even if Cobra be right in its contention that any holding in that opinion is neither *res judicata* nor *stare decisis*, and therefore not binding on this Court, we hold that:

1. The declaration of a forfeiture by the Commissioner was under the statutes a discretionary act, and the act of recording the declaration was only ministerial in nature.

2. Cobra having paid nothing to the State, and being delinquent beyond the time the statute made its claims subject to forfeiture, did not have an unequivocal legal right to require the Commissioner to accept a late tender of rentals.

3. Since Cobra had paid nothing on the awards and made no improvements on the property, Cobra had no equities to entitle it to defeat a rescission by the Commissioner.

4. A forfeiture under Article 5397 may be officially declared orally by the Commissioner, when the oral declaration, as in this case, is followed by prompt action to make a permanent record of the oral declaration.

We have carefully considered the contentions Cobra makes under three points of error asserting the right to tender late payment and prevent forfeiture or rescission of the awards; and to have such right because when the first payment was tendered only an oral declaration had been made by the Commissioner and his action had not become a permanent record. Points one, four, and five, under which these contentions are made, are overruled. With disposition of these points, we do not reach points two and three under which Cobra asserts that the decision of the Supreme Court in the mandamus proceeding is neither *res judicata* nor *stare decisis* as to issues in this appeal.

The judgment of the trial court is affirmed.